Blakeley E. Griffith, Esq.
Nevada Bar No. 12386
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702-784-5200
Facsimile: 702-784-5252
Email: bgriffith@swlaw.com

*Attorneys for Defendant Debt Recovery Solutions, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JILL SOULSBY AND RALPH SOULSBY, <br><br> Plaintiffs, <br><br> v. <br><br> DEBT RECOVERY SOLUTIONS, LLC, <br><br> Defendant. | Case No.: 2:23-cv-00637-RFB-EJY <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Debt Recovery Solutions, LLC ("<u>Defendant</u>" or "<u>DRS</u>"), by and through its attorneys, Snell & Wilmer L.L.P., hereby responds to Plaintiffs' First Amended Complaint for damages under the FDCPA, 15 U.S.C. § 1692 et seq. dated May 24, 2023 [ECF No. 5] (the "<u>Complaint</u>") as follows:

**Introduction**

1. In response to Paragraph 1 of the Complaint, the allegations state legal conclusions for which no response is required. Notwithstanding, to the extent Paragraph 1 requires a response, DRS denies the allegations of Paragraph 1.

2. In response to Paragraph 2 of the complaint, DRS admits that Plaintiffs have filed the above-captioned action. As to the remaining allegations in Paragraph 2, DRS denies.

3. In response to Paragraph 3 of the Complaint, DRS lacks sufficient knowledge or information to respond, and therefore denies the allegations in Paragraph 3.

4. In response to Paragraph 4 of the Complaint, DRS lacks sufficient knowledge or information to respond, and therefore denies the allegations in Paragraph 4.

5.  In response to Paragraph 5 of the Complaint, DRS lacks sufficient knowledge or information to respond, and therefore denies the allegations in Paragraph 5.

6.  In response to Paragraph 6 of the Complaint, DRS lacks sufficient knowledge or information to respond, and therefore denies the allegations in Paragraph 6.

**Jurisdiction and Venue**

7.  In response to Paragraph 7 of the Complaint, DRS admits.

8.  In response to Paragraph 8 of the Complaint, DRS denies the allegations in Paragraph 8.

9.  In response to Paragraph 9 of the Complaint, the allegations state legal conclusion for which no response is required. DRS admits the venue is proper based on the information available to it.

**Parties**

10. In response to Paragraph 10 of the Complaint, DRS admits the allegations in Paragraph 10 based on the information available to it.

11. In response to Paragraph 11 of the Complaint, DRS admits the allegations in Paragraph 11 based on the information available to it.

12. In response to Paragraph 12 of the Complaint, DRS admits that it provides debt collection services and does business in the state of Nevada.

13. In response to Paragraph 13 of the Complaint, Defendant denies the allegations in Paragraph 13.

14. In response to Paragraph 14 of the Complaint, DRS denies the allegations contained in Paragraph 14 of the Complaint. Plaintiffs' Complaint against DRS does not include other entities or individuals not named as parties. The Complaint may not be construed to apply to unnamed entities or individuals, such as agents, employees, officers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, or insurers.

///

///

///

**Factual allegations**

15. In response to Paragraph 15 of the Complaint, the allegations state Plaintiffs' plans for discovery for which no response is required. Notwithstanding, to the extent Paragraph 15 requires a response, DRS denies the allegations of Paragraph 14.

16. In response to Paragraph 16 of the Complaint, DRS admits the allegations in Paragraph 16 based on the information available to it.

17. In response to Paragraph 17 of the Complaint, DRS admits the allegations in Paragraph 17 based on the information available to it.

18. In response to Paragraph 18 of the Complaint, DRS lacks sufficient knowledge or information to respond, and therefore denies the allegations in Paragraph 18.

19. In response to Paragraph 19 of the Complaint, DRS lacks sufficient knowledge or information to respond, and therefore denies the allegations in Paragraph 19.

20. In response to Paragraph 20 of the Complaint, DRS admits that it sent a letter to Jill regarding a debt previously owing to Advance America. DRS denies any remaining allegations in Paragraph 20.

21. In response to Paragraph 21 of the Complaint, DRS admits that it sent a letter to Ralph regarding a debt previously owing to Advance America. DRS denies any remaining allegations in Paragraph 21.

22. In response to Paragraph 22 of the Complaint, Defendant denies the allegations in Paragraph 22.

23. In response to Paragraph 23 of the Complaint, the allegations state legal conclusions for which no response is required. Notwithstanding, to the extent Paragraph 23 requires a response, DRS denies the allegations of Paragraph 23.

**First Cause of Action**

**Fair Debt Collection Practices Act**

**15 U.S.C. §§ 1692 et seq.**

24. In response to Paragraph 24 of the Complaint, Defendant incorporates by reference, repeats, and re-states the above paragraphs, as if fully set forth herein.

25.    In response to Paragraph 25 of the Complaint, DRS denies the allegations in Paragraph 25.

26.    In response to Paragraph 26 of the Complaint, DRS denies the allegations in Paragraph 26.

27.    In response to Paragraph 27 of the Complaint, DRS denies the allegations in Paragraph 27.

28.    In response to Paragraph 28 of the Complaint, DRS denies the allegations in Paragraph 28.

29.    In response to Paragraph 29 of the Complaint, DRS denies the allegations in Paragraph 29.

30.    In response to Paragraph 30 of the Complaint, DRS denies the allegations in Paragraph 30.

31.    In response to Paragraph 31 of the Complaint, DRS denies the allegations in Paragraph 31.

**Plaintiffs' Damages**

32.    In response to Paragraph 32 of the Complaint, DRS denies the allegations in Paragraph 32.

**Prayer for relief**

33.    DRS denies that Plaintiffs are entitled to any actual, statutory, attorneys' fees and costs, or other relief against DRS as set forth in the prayer for relief.

**Jury Demand**

34.    DRS admits Plaintiffs have demanded a trial by jury.

**<u>AFFIRMATIVE DEFENSES</u>**

As separate, alternative, and affirmative defenses to the Complaint, DRS alleges:

1.    Plaintiffs' claims may be barred by the applicable statute of limitations, statute of repose, and/or doctrine of laches.

2.    Plaintiffs cannot prove DRS intentionally violated the Fair Debt Collection Practices Act ("FDCPA").

3. Any violation of the FDCPA by DRS was not intentional and resulted from bona fide error.

4. Prior to the institution of Plaintiffs' action, DRS made an appropriate adjustment to Plaintiffs' account, therefore, DRS has no liability under the FDCPA.

5. Plaintiffs cannot establish any actual damages, including emotional distress, mental anguish, humiliation, embarrassment, or expenses, with reasonable certainty.

6. Plaintiffs failed to mitigate their damages.

7. Some or all of Plaintiffs' damages, if any, may have been caused by the acts, omissions, and/or errors of Plaintiffs and/or others. Thus, any damages are barred or reduced by the contributory and comparative negligence of Plaintiffs or others.

8. Plaintiffs lack standing because Plaintiffs suffered no injury in fact.

9. DRS reserves all defenses under Fed. R. Civ. P. 8 and 12, and any additional defenses and avoidances that may apply through discovery or otherwise.

## **RESERVATION OF RIGHTS**

Defendant reserves its right to alter, amend, and/or supplement its affirmative defenses up until the time of trial of this matter, if the evidence indicates that such further defenses are available. The inclusion of the foregoing affirmative defenses is not an admission that Defendant bears the burden of proof as to any such defenses, and Defendant reserves the right to assert that Plaintiffs bear all or a portion of the burden of proof in regard to any of the foregoing defenses.

WHEREFORE, having fully answered the Complaint, Defendant, respectfully requests that the Court: (i) dismiss the Complaint in its entirety or enter judgment in its favor; (ii) award Defendant its attorneys' fees and costs; and (iii) grant such other and further relief as is just and equitable.

DATED: July 28, 2023.

SNELL & WILMER L.L.P.

By: */s/ Blakeley E. Griffith*
Blakeley E. Griffith, Esq. (NV Bar No. 12386)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Attorneys for Defendant Debt Recovery Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court for the U. S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED:  July 28, 2023.

*/s/ Maricris Williams*
An employee of Snell & Wilmer L.L.P.

4879-4044-2739